Filed 11/10/22  P. v. Enriquez CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERICK MARTINEZ ENRIQUEZ,<br><br>    Defendant and Appellant. | E074943<br><br>(Super.Ct.No. RIF120947)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Ronald L. Taylor, Judge.

(Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to

art. VI, § 6 of the Cal. Const.)  Reversed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant

and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief

Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Senior Assistant

1

Attorneys General, and Eric A. Swenson, Alan L. Amann, and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, petitioner Erick Martinez Enriquez was convicted of (among other things) first degree murder, on a felony-murder theory, with a felony-murder special circumstance. In 2019, he filed a petition to vacate the murder conviction under Penal Code section 1172.6.[1] The trial court denied the petition; it ruled that the felony-murder special circumstance findings conclusively established that he was not eligible for relief.

Petitioner contends that this was error. Under *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) — decided while this appeal was pending — he is correct.

I

DISCUSSION

Under section 1172.6, the trial court must vacate a first-degree murder conviction that was based on a felony-murder theory, unless the petitioner either (1) was the actual killer, (2) had the intent to kill and aided and abetted the commission of first-degree

---

**1** All further statutory citations are to the Penal Code.

The petition was actually filed under former section 1170.95. (Enacted by Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2.) While this appeal was pending, former section 1170.95 was renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will use section 1172.6, somewhat anachronistically, to refer to whichever one of the two statutes was in effect at the relevant time.

murder, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life.[2] (§ 1172.6, subd. (d)(3), incorporating § 189, subd. (e).)

A felony-murder special circumstance, however, requires that the defendant either (1) was the actual killer, (2) had the intent to kill and aided and abetted the commission of first-degree murder, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 190.2, subds. (a)(17), (b)-(d).)

Accordingly, when first confronted with the question, this court held that a true finding on a felony-murder special circumstance conclusively established ineligibility for relief under section 1172.6. (*People v. Jones* (2020) 270 Cal.Rptr.3d 362, review granted Jan. 27, 2021, S265854, depublished and transferred with directions Sept. 28, 2022.)

While this appeal was pending, however, *Strong* held that *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) "substantially clarified" the requirements of a felony murder special-circumstance finding. (*Strong*, *supra*, 13 Cal.5th at p. 706.) Therefore, a felony murder special-circumstance finding made before *Banks* and *Clark* were decided does *not* conclusively establish ineligibility for relief under section 1172.6. (*Strong*, *supra*, at pp. 710-720.)

The People concede that, in light of *Strong*, the trial court erred, and we must reverse the order appealed from. We agree, and we will do so.

---

[2] Or — we note for completeness, although it is not relevant here — unless the victim was a police officer killed in the course of his or her duties and the defendant knew or should have known that. (§ 189, subd. (f).)

3

Petitioner also argues that we should direct the trial court to issue an order to show cause. (See § 1172.6, subd. (c).) He notes that the prosecutor conceded that he was not the actual killer. Somewhat unhelpfully, the People do not respond to this argument.

Because the trial court denied the petition based on the felony-murder special circumstances, it has not yet ruled on whether the petition otherwise stated a prima facie case. Moreover, the prosecution has not stipulated to this. A prima facie case requires more than just allegations that the petitioner was convicted on a felony-murder theory and was not the actual killer. (§ 1172.6, subd. (a)(3), incorporating § 189, subd. (e).) We decline to review a ruling the trial court did not make. We leave the question of whether to issue an order to show cause to be decided by the trial court in the first instance.

II

DISPOSITION

The order appealed from is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

McKINSTER _____

J.

MENETREZ _____

J.

4